916 F.2d 710
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio DILLARD, Defendant-Appellant.
 No. 89-5134.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 14, 1989.
Decided Oct. 23, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-15-A)
 Robert Lee Tomlinson, II, Arlington, Va., for appellant.
 Henry E. Hudson, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal after a conviction for possession of cocaine with intent to distribute the same.
 
 
 2
 The questions raised are the validity of a search of the person of the defendant and the use of a DEA agent as an expert with relation to narcotics matters. We affirm.
 
 
 3
 Sergeant Grimes, of a DEA task force, and his partner were in Washington National Airport when they approached and engaged in conversation the defendant, Anthony Dillard, and his brother, who were walking awkwardly and looking around the arrival area in a nervous manner. The officers explained the purpose of their questions, that they were officers engaged in trying to stop the narcotics traffic, and asked if the Dillards had any drugs. The Dillards said they did not.
 
 
 4
 Grimes then asked the defendant if he minded if his person be searched, whereupon the defendant raised his hands in the air. Grimes then asked again if the defendant minded if his person be searched and, without any verbal response, the defendant kept his hands in the air. Grimes then searched the defendant and found the cocaine involved.
 
 
 5
 The defendant testified that, before searching him, Grimes had said he would use force if the brothers decided to run. Grimes denied this and stated that the officers did not have any handcuffs and that he did tell the brothers that the officers would use force if they decided to run, but that the statement was made after their arrest.
 
 
 6
 The district court found explicitly that this was "a proper search pursuant to the consent of the defendant." While it did not explicitly rule on whether Grimes had made the statement with respect to using force before or after the arrest, by its finding that this was a consent search, it implicitly held that the statement was made after the arrest. We are of opinion the district court's finding that this was a consent search is not clearly erroneous as a matter of fact, nor is it erroneous as a matter of law.
 
 
 7
 The government introduced a DEA agent to testify as an expert with respect to narcotics matters. We think that, so far as objection is made to his qualifications, the district court's finding that the agent was so qualified to testify was not an abuse of discretion. In the same vein, we are further of opinion that admitting the testimony of the agent to the effect that the amount of cocaine involved was inconsistent with personal use and that it could be cut for further distribution, was not an abuse of discretion.
 
 
 8
 The agent further testified that if the drug couriers could be stopped from coming into Washington, the flow of drugs could be stopped. The objection to this was that the testimony called for speculation and was not the proper subject of an expert opinion. These objections are without merit.
 
 The judgment of conviction is accordingly
 
 9
 AFFIRMED.